FILED
2011 Aug-12 PM 03:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HISPANIC INTEREST COALITION OF ALABAMA; *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama; *et al.*, )<br>)<br>Defendants. ) | Case Number: 5:11-CV-2484-SLB |
| RT. REV. HENRY N. PARSLEY, JR., in his official capacity as Bishop of the Episcopal Church in the Diocese of Alabama, et al., )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama, )<br>)<br>Defendants. ) | Case Number: 5:11-CV-2736-CLS |
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff )<br>)<br>vs. )<br>)<br>STATE OF ALABAMA; GOVERNOR ROBERT J. BENTLEY, )<br>)<br>Defendants. ) | Case Number: 2:11-CV-2746-LSC |

**ORDER**

This case is presently pending before the court on the Doe plaintiffs' Motion for Leave to Proceed under Pseudonyms. (Doc. 2.)[1] Plaintiffs contend, "All twelve Doe Plaintiffs should be permitted to pursue this litigation under pseudonyms. . . . [I]f the Doe Plaintiffs' identities and participation in this lawsuit were to become public, there would be an increased risk that they or their family members would be subjected to unconstitutional detention by the police, the initiation of removal proceedings or other adverse immigration consequences, and public hostility, harassment, and even violence." (*Id*. at 1-2.) Defendants oppose this Motion. (Doc. 46.)

The court notes the following standard governs its determination:

> In this Circuit, Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a) (2010). "This rule serves more than administrative convenience. It protects the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." [*Doe v.*] *Frank*, 951 F.2d [320,] 322 [(11th Cir. 1992)] (citing *Doe v. Rostker*, 89 F.R.D. 158, 160 (N.D. Cal. 1981) and *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974)). This creates a strong presumption in favor of parties' proceeding in their own names. Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not. *See Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005)("[The plaintiff] has denied [the defendant] the shelter of anonymity – yet it is [the defendant], and not the plaintiff, who faces disgrace if the complaint's allegations can be substantiated. And if the complaint's allegations are false, then anonymity provides a shield behind which defamatory charges may be launched without shame or liability.").

---

[1]Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record in the first-filed case, *Hispanic Interest Coalition of Alabama v. Bentley*, 5:11-CV-2484-SLB.

>	Nonetheless, the rule is not absolute.  A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Frank*, 951 F.2d at 323 (quoting [*Doe v.*] *Stegall*, 653 F.2d [180,] 186 [(5th Cir. Unit A Aug. 1981)].  In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) [hereinafter, *SMU*]).
>
>	The first step in analyzing a plaintiff's claim of a substantial privacy right is to look at the three factors analyzed in *SMU*.  *See Stegall*, 653 F.2d at 185 (restating the test).  First, are the plaintiffs seeking anonymity challenging governmental activity?  Second, will they be required to disclose information of the utmost intimacy?  Third, will the plaintiffs be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution?
>
>	. . .
>
>	After the *Stegall* court clarified that the three-part *SMU* test was only the first step for evaluating whether to let a plaintiff proceed to trial anonymously, courts have considered other contexts in analyzing all the circumstances of a given case.  Courts have looked at factors such as whether the plaintiffs were minors, *Stegall*, 653 F.2d at 186, whether they were threatened with violence or physical harm by proceeding in their own names, *id*., and whether their anonymity posed a unique threat of fundamental unfairness to the defendant.  *See SMU*, 599 F.2d at 713.

*Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16 (11th Cir. 2011).  "Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."  *Frank*, 951 F.2d 324.

>   Plaintiffs raise three grounds for allowing the Doe plaintiffs to proceed anonymously:
>
>   First, public disclosure of the Doe Plaintiffs' identities and participation in this action would seriously jeopardize the very constitutional protections that they and the other plaintiffs seek to vindicate in this lawsuit.  The Doe Plaintiffs reasonably fear that, if their identities were to become public, there would be an increased risk that they or their family members would be subjected to unconstitutional detention by state or local law enforcement officials acting under the auspices of HB 56.  They also fear that they or their family members could suffer adverse immigration consequences, including immigration detention, the initiation of removal proceedings, and removal from the United States.
>
>   Second, the issue of immigration in general and HB 56 in particular have been the subject of intense and heated debate in Alabama.  In this highly charged atmosphere, the Doe Plaintiffs fear harassment, retaliation, and even physical harm if their identities and personal stories are disclosed publicly.
>
>   Third, this case turns on legal questions, not on the identities of any particular individuals.  Thus, the public's interest in open judicial proceedings will not be affected if the Doe Plaintiffs are permitted to proceed anonymously.
>
>   Finally, Defendants will not suffer any prejudice if the Doe Plaintiffs are permitted to proceed anonymously, because this case turns solely on the constitutionality of HB 56.

(Doc. 2-1 at 1-2.)

The court notes that the Doe plaintiffs and/or their family members are aliens; some are unlawfully in the country.  They are challenging governmental activity, specifically HB 56.  Some allege threats and harassment based on their ethnicity and national origin. Defendants concede "there is . . . a sufficient amount of material to indicate a hostility to illegal immigrants."  (Doc. 46 at 16.) The court finds sufficient evidence of a genuine threat of harassment and violence to the Doe plaintiffs and/or their families should their identities

be revealed publicly. The court finds that these facts outweigh the customary and constitutionally-embedded presumption of openness in judicial proceedings.

Defendants contend that they must "know the identities of the Doe Plaintiffs so that [they] may test matters such as standing, conduct any appropriate discovery, [and] cross-examine [plaintiffs'] evidence." (Doc. 46 at 2.) The court finds that any prejudice to defendants may be remedied by limited disclosure and protective orders. Therefore, the court finds that unfair prejudice to defendants is not a sufficient reason to deny plaintiffs the right to proceed anonymously in light of other circumstances.

Upon consideration of the record, the submissions of the parties, and the relevant law, the Doe plaintiffs' Motion for Leave to Proceed under Pseudonyms, (doc. 2), is **GRANTED.**