FILED

2011 Sep-29  PM 12:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

|  |  |
|---|---|
| HISPANIC INTEREST COALITION OF ALABAMA, *et al.*,<br><br>            Plaintiffs,<br><br>    v.<br><br>ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama, *et al.*,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case Number:
5:11-cv-02484-SLB

## EMERGENCY MOTION
## TO ENJOIN PORTIONS OF HB 56 PENDING APPEAL
## AND MEMORANDUM IN SUPPORT

Plaintiffs petition this Court to enjoin sections 10, 12, 27, 28, and 30 of HB 56, pending appeal, pursuant to Fed. R. Civ. P. 62(c) and Fed. R. App. P. 8(a). Alternatively, Plaintiffs seek a temporary injunction of these sections so that a motion for an injunction pending appeal can be filed with the U.S. Court of Appeals for the Eleventh Circuit. Because Plaintiffs present a substantial case on the merits and the equities favor them, the Court should preserve the status quo and enjoin Sections 10, 12, 27, 28, and 30 pending appeal.

## PROCEDURAL BACKGROUND

On July 21, 2011, Plaintiffs filed a Motion for Preliminary Injunction seeking to enjoin all of HB 56, including sections 10, 12, 27, 28, and 30, on

constitutional and federal statutory grounds.  (Doc. 37.)  On August 1, 2011, the

United States also filed a Motion for Preliminary Injunction seeking to enjoin

numerous sections of HB 56.  (*See* Doc. 2 of Case No. 11-2746.)  Religious leaders

also filed suit challenging sections 13 and 27.  (*See* Doc. 1 of Case No. 11-2736.)

On August 3, 2011, these cases were consolidated, (Doc. 59), and the Court held a

hearing on August 24, 2011.  On August 29, 2011, the Court temporarily enjoined

HB 56 pending its ruling on the motions for preliminary injunction.  (Doc. 126.)

On September 1, 2011, the three cases were unconsolidated.  (Doc. 128.)  The

Court issued rulings on the three motions for preliminary injunction on September

28, 2011.  (*See* Docs. 137 & 138 of Case No. 11-2484; Docs. 93 & 94 of Case No.

11-2746; and Docs. 83 & 84 of Case No. 11-2736.)

The Court preliminarily enjoined Sections 11(a), 13, 16, and 17 of HB 56 on

preemption grounds in the case brought by the United States.  *See* DOJ Order

(Doc. 94 of 11-2746).  The Court also preliminarily enjoined Sections 8, 11(f) and

(g), and the last sentences of 10(e), 11(e), and 13(h) on constitutional grounds in

this case.  *See* Hispanic Interest Coalition of Alabama (HICA) Order (Doc. 138 of

11-2484).  However, the Court permitted the other sections of HB 56 to go into

effect.  It ruled that Sections 10, 12, 27, and 30 were not preempted by federal law.

HICA Order at 48 (§ 10), 70-78 (§ 12), 90-93 (§ 27), 102-106 (§ 30).  Regarding

Section 28, it declined to address the merits of the claim, concluding that Plaintiffs

lacked standing to challenge the provision.  HICA Order at 93-101.  The Court also

held that the HICA Plaintiffs lacked standing to challenge HB 56 in its entirety.[1]

## ARGUMENT

## I.    LEGAL STANDARD

Although this Court found that Plaintiffs failed to satisfy the traditional

preliminary injunction standard regarding their challenges to Sections 10, 12, 27,

28, and 30, enjoining those provisions pending appeal is appropriate in order to

maintain the status quo.  *See* Fed. R. Civ. P. 62(c) (authorizing grant of injunction

to protect party appealing denial of injunctive relief); Fed. R. App. P. 8(a) (party

seeking injunction pending appeal must seek this from district court unless

impracticable); *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820 (5th Cir.

1989) (explaining that Rule 62(c) authorizes injunction while appeal is pending, if

done to maintain status quo).  To warrant an injunction pending appeal, the movant

must generally satisfy the traditional preliminary injunction requirements.  *See In

re Grand Jury Proceedings*, 975 F.2d 1488, 1492 (11th Cir. 1992).  However,

where the "balance of the equities weighs heavily in favor of granting the

[injunction]," the movant need only show a "substantial case on the merits," rather

than a "'probability' of success on the merits."  *Ruiz v. Estelle*, 650 F.2d 555, 565

---

[1] In the event that the Court's determination that Plaintiffs lacked standing to challenge HB 56 in
its entirety was considered legal error, the Court concluded that HB 56 is not an unconstitutional
regulation of immigration.

(5th Cir. 1981); *see also id.* ("If a movant were required in every case to establish that the appeal would probably be successful, [Fed. R. Civ. P. 62 and Fed. R. App. P. 8] would not require as it does a prior presentation to the district judge whose order is being appealed."); *United States v. Hamilton*, 963 F.2d 322, 323 (11th Cir. 1992); *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).  Both tests are satisfied here, and Sections 10, 12, 27, 28, and 30 should be enjoined pending appeal.

## II.   SECTION 10 SHOULD BE ENJOINED PENDING APPEAL

The balance of the equities weighs heavily in favor of staying Section 10 pending appeal.  As the Court recognized in the HICA Order, Plaintiffs such as John Doe #1 have standing to challenge Section 10, and will face "real and imminent" injury if Section 10 takes effect.  HICA Order at 48.  In opposing Plaintiffs' challenge to Section 10, Defendants did not contest the strong equities shown by Plaintiffs, focusing only on the merits of this claim.  *See* Defs.' Opp. at 63-70 (Doc. 82).  As Plaintiffs explain in detail in their Motion for Preliminary Injunction, Section 10 will cause irreparable injury to Jane Does #'s 1-2 and 4-6, and John Does #'s 1-4, members of DreamActivist, Service Employees International Union (SEIU,), the Joint Board, HICA, and Greater Birmingham Ministries, as well as putative class members, because they lack the registration documents required by Section 10 and will be subject to these new state criminal

penalties.  (*See* Doc. 37 at 62-63.)  This section would also inflict irreparable harm to the Organizational Plaintiffs if it went into effect.  (*See id*. at 67.)  Thus the balance of equities tips sharply in favor of the Plaintiffs, and the public interest would not be adversely affected by an injunction pending appeal.  (*Id.* at 69-70).

Plaintiffs have also presented a substantial case on the merits, and will continue to do so on appeal.  As articulated in their Motion for Preliminary Injunction and Reply briefs, Section 10 is a regulation of immigration, is in direct conflict with the federal alien registration scheme, and poses an impermissible burden on the federal government.  *See* Mot. for Prelim. Inj. at 3, 11, 26-28, 35-40 (Doc. 37); Reply at 15-18 (Doc. 109).  Although this Court did not find that Plaintiffs were substantially likely to prevail on this claim, *see* HICA Order at 48; DOJ Order at 16-36, the U.S. District Court for the District of Arizona reached the opposite conclusion when considering a virtually identical provision,[2] and the

---

[2] *Compare* HB 56 §§ 10(a), (d):

> (a) In addition to any violation of federal law, a person is guilty of willful failure to complete or carry an alien registration document if the person is in violation of 8 U.S.C. § 1304(e) or 8 U.S.C. § 1306(a), and the person is an alien unlawfully present in the United States.
> . . . .
> (d) This section does not apply to a person who maintains authorization from the federal government to be present in the United States.

*with* Ariz. SB 1070 § 3, codified at Ariz. Rev. Stat. §§ 13-1509(A), (F):

> (A) In addition to any violation of federal law, a person is guilty of willful failure to complete or carry an alien registration document if the person is in violation of 8 United States Code section 1304(e) or 1306(a).
> . . . .

Court of Appeals for the Ninth Circuit affirmed that injunction. *United States v. Arizona*, 703 F. Supp. 2d 980, 990, 998-1000, 1008 (D. Ariz. 2010); *aff'd*, 641 F.3d 339, 354-357, 366 (9th Cir. 2011).  This Court distinguished those cases, in part, by suggesting that Arizona law "did not, as H.B. 56 § 10 does, apply only to those 'unlawfully present.'"  DOJ Order at 28.  This is factually incorrect—both the Arizona and Alabama laws state that anyone who "maintains authorization from the federal government" will not be prosecuted, which means that the only individuals who could be prosecuted would be those who are "unlawfully present." *Compare* Ariz. Rev. Stat. § 13-1509(F) *with* HB56 § 10(d).  Regardless, Plaintiffs have established a substantial case on the merits of their claim, given that both a District Court and Court of Appeals have agreed with Plaintiffs' position.

Because "the balance of the equities weighs heavily in favor of" enjoining Section 10, and Plaintiffs have "show[n] a substantial case on the merits," enjoining Section 10 pending appeal is warranted.  *Hamilton*, 963 F.2d at 323.

## III.   SECTION 12 SHOULD BE ENJOINED PENDING APPEAL

The balance of the equities weighs heavily in favor of staying Section 12 pending appeal.  As the Court recognized in the HICA Order, plaintiffs such as Plaintiff Jane Doe #2 have standing to challenge Section 12, and will face "real and

---

(F) This section does not apply to a person who maintains authorization from the federal government to remain in the United States.

imminent" injury if the law were to go into effect.  HICA Order at 72.  The Court also recognized that "state law enforcement officers do not have the inherent authority to stop and arrest an individual for mere unlawful presence," HICA Order at 74, and that as-applied challenges may well be appropriate.  However, in the Court's view, at least some inquiries under Section 12 could be permissible, so it denied Plaintiff's preliminary facial challenge.  *Id.* at 74-77.

As Plaintiffs explain in detail in their Motion for Preliminary Injunction and Reply, Section 12 will cause irreparable injury to Plaintiffs Zamora, Jane Doe #'s 1-2 and 4-6, John Doe #'s 1-4, members of DreamActivist, SEIU, the Joint Board, HICA, and Greater Birmingham Ministries, as well as putative class members, because they and their members lack the identity documents required by Section 12 that would enable them to avoid impermissible immigration inquiries.  *See* Mot. for Prelim. Inj. at 61-63 (Doc. 37), Reply at 56-59 (Doc. 109).  The Organizational Plaintiffs would also be irreparably harmed in their own right and would suffer further harms in addition to the ones they already have suffered if this provision went into effect.  *See* Mot. for Prelim. Inj. at 67.  In comparison to these articulated harms, Defendants rely on the legislative "findings" of Section 2 of HB 56, which assert that "illegal immigration is causing economic hardship and lawlessness in this state . . . ."  HB 56 § 2.  *See* Defs.' Opp. at 114 (Doc. 82).  This broad, conclusory assertion, unsupported by any evidentiary findings, does not constitute

7

a harm in any way comparable to the specific harms Plaintiffs have established they would suffer if Section 12 were to be enforced.  Nor would the public interest be adversely affected by an injunction of Section 12.  *See* Mot. for Prelim. Inj. at 68-70; Reply at 65.

Plaintiffs have also presented a substantial case on the merits with respect to Section 12, and will continue to do so on appeal.  As articulated in their Motion for Preliminary Injunction and Reply briefs, Section 12 is in direct conflict with the federal immigration law and is preempted.  (*See* Doc. 37 at 2-3, 10-18, 22-26; Doc. 109 at 7-10, 13-15.)  Although this Court did not find that Plaintiffs were substantially likely to prevail on this claim, *see* HICA Order at 70-78, three other courts have considered similar provisions and reached the opposite conclusion. *See Ga. Latino Alliance for Human Rights v. Deal*, Case No. 11-1804, 2011 U.S. Dist. LEXIS 69600, at *29-38, 59 (N.D. Ga.) (enjoining Ga. HB 87 § 8, codified at O.C.G.A. § 17-5-100); *United States v. Arizona*, 703 F. Supp. 2d 980, 989, 993-998, 1008 (D. Ariz. 2010) (enjoining Ariz. SB 1070 § 2(B), codified at Ariz. Rev. Stat. § 11-1051(B)); *aff'd*, 641 F.3d 339, 346-354, 366 (9th Cir. 2011).  Thus Plaintiffs have a substantial case to present on the merits of their claim.

Because "the balance of the equities weighs heavily in favor of" staying Section 12, and Plaintiffs have "show[n] a substantial case on the merits," enjoining Section 12 pending appeal is warranted.  *Hamilton*, 963 F.2d at 323.

## IV.   SECTION 28 SHOULD BE ENJOINED PENDING APPEAL

Plaintiffs challenge Section 28 on equal protection grounds, based on three impermissible classifications.  *See* Pls.' Supp. Sec. 28 Br. (Doc. 116).  This Court found Plaintiffs did not have standing to challenge Section 28.  HICA Order at 93-101.  It reached this decision by first finding that Section 28(a)(1)'s requirement to determine the immigration status of the parents of children has no actual effect, and by accepting Defendants' current reading of the provision that inquiry as to children would typically occur only once, when the child first enters the Alabama public school system.  HICA Order at 97 ("Section 28 does not compel school officials to determine the immigration status of a parent of a student."), 98 ("Defendants have presented evidence that "enrollment" only occurs when a child enters the Alabama school system.").  The Court next reasoned that the only Plaintiff Organizations to claim any harm by Section 28 were HICA and Greater Birmingham Ministries, but neither had shown sufficient injury, particularly because although they have "discuss[ed]" Section 28, neither had "discussions involv[ing] enrollment of an alien."  HICA Order at 101, *see also id.* at 99-101.

Plaintiffs have a substantial case to make on appeal that the finding of a lack of standing to challenge Section 28 was in error.  First, absent an injunction, Defendants remain free to retract their current reading of the statute and decide that students "enroll" in school annually, so the imminent threat of harm to

undocumented students continues.  *See Harrell v. Florida Bar*, 608 F.3d 1241,

1267-68 (11th Cir. 2010); *see also* Pls.' Reply at 41 n.27 (Doc. 109).  Second,

Plaintiffs Alabama Appleseed, HICA, and Greater Birmingham Ministries have

each shown that Section 28 is causing their organizations specific and articulable

harm, and that the harm was directly related to enrollment.  *See* Pls.' Reply at 41

n.27, 60; *see also* John Pickens Aug. 13, 2011 Decl. ¶¶ 2 (diversion of resources) 7

("at virtually every single presentation, parents and other service providers have

asked questions . . . [and] for information about how to enroll their children in

school; whether to enroll their children in school; what will happen to the

registration information that is collected by the school when they enroll their

children; [and] whether registration information will be shared with immigration

authorities . . . .") (Doc. 109-2); Isabel Rubio Aug. 15, 2011 Decl. ¶¶ 3 (noting

thirteen information sessions conducted "to give information on HB 56 and . . .

specifically information on enrollment of students in Alabama public schools"), 5,

7 (harm to HICA) (Doc. 109-3); Scott Douglas Aug. 15, 2011 Decl. ¶¶ 2 (noting

diversion of resources to educate people about how to "'enroll' in Alabama

schools"), 3 (harm to members) (Doc. 109-4).  Once this evidence is considered—

which was properly before the Court given that the State's new interpretation of

"enrollment" was disclosed for the first time in its papers opposing the Motion for

Preliminary Injunction—the balance of the equities weighs heavily in favor of

staying Section 28 pending appeal.  Section 28 will continue to cause immediate irreparable injury to Alabama Appleseed, HICA, and Greater Birmingham Ministries.  Additionally, Plaintiffs Jane Doe #'s 1-6, John Doe #'s 1-2, as well as members of DreamActivist, SEIU, and the Joint Board remain at risk of being inappropriately chilled from accessing public elementary and secondary education Defendants' interpretation were to change.  *See* Pls.' Mot. for Prelim. Inj. at 64-66 (Doc. 37), Pls.' Reply at 41 n.7, 60 (Doc. 109).  The harm to any child of being chilled from receiving an education vastly outweighs any harm to Defendants by having Section 28 stayed, particularly because the number of undocumented children in Alabama schools comprises, at most, 0.5% of the entire Alabama school system, *see* Pls.' Supp. Sec. 28 Br. at 12-13 (Doc. 116), and Defendants concede that it will take a very long time for them to collect any data through Section 28, *see* Defs.' Opp. at 128 (Doc. 82), so a delay pending appeal will not cause Defendants significant harm.[3]  For the same reason, the public interest would not be adversely affected by staying Section 28 pending appeal.  *See* Pls.' Mot. for PI at 68-70 (Doc. 37); Pls.' Reply at 65 (Doc. 109).  Thus the balance of equities tips sharply in favor of the Plaintiffs.

---

[3] "As noted above, this information will be collected only slowly, as individual students initially enroll in the Alabama K-12 system." Defs.' Opp. at 128.  Based on this, Defendants argue that "It is therefore imperative to begin this process as soon as possible." *Id.*  In fact, the opposite is true.  By enacting Section 28, Defendants chose a process that will take years to provide any information, much less useful information.  They cannot now object that they are being harmed by adding a few more months or a year to that timeframe while appeals are taken.

Plaintiffs have also presented a substantial case on the merits, and will continue to do so on appeal, given the U.S. Department of Education's and Department of Justice's own views, set forth in a recent federal guidance, that inquiries about immigration status at the time of enrollment would violate *Plyler v. Doe*, 457 U.S. 202 (1982).  (*See* Doc. 37 at 53 & n.36).

Because "the balance of the equities weighs heavily in favor of" staying Section 28, and Plaintiffs have "show[n] a substantial case on the merits," enjoining Section 28 pending appeal is warranted.  *Hamilton*, 963 F.2d at 323.

## V.   SECTION 27 SHOULD BE ENJOINED PENDING APPEAL

The balance of the equities weighs heavily in favor of staying Section 27 pending appeal.  As the Court recognized in the HICA Order, plaintiffs such as Plaintiffs Barber, Upton, and Jane Doe #5 have standing to challenge Section 27, and will face "real and imminent" injury if the law were to go into effect.  HICA Order at 91.  Section 27 will also cause irreparable injury to Plaintiffs Jane Does ## 1-6, John Does ## 1-4, Cummings, Beck, members of DreamActivist, SEIU, the Joint Board, HICA, and Greater Birmingham Ministries, as well as putative class members, who will be prohibited from enforcing numerous contracts.  *See* Pls.' Mot. for Prelim. Inj. at 67 (Doc. 37).  Harm to the Organizational Plaintiffs would also be irreparable and would increase if this provision went into effect.  *See id*. at 67.  In their Opposition Brief, Defendants did not question any of these harms, nor

point to any interest that Section 27 is alleged to serve. *See generally* Defs.' Opp. (Doc. 82). Nor did the legislature—the purported legislative "findings" appearing in Section 2 of HB 56 do not provide any basis for Section 27's limitations on the right to contract. *See* HB 56 § 2. It is also against the public interest to deny the right to enforce a bargained-for agreement, which upsets settled expectations, so long as the subject matter of the contract is not itself against the public interest. *See, e.g., A. C. Frost & Co. v. Coeur D'Alene Mines Corp.*, 312 U.S. 38, 44 (1941) ("If it definitely appears that enforcement of a contract will not be followed by injurious results, generally, at least, what the parties have agreed to ought not to be struck down."). Thus the balance of equities also tips sharply in favor of the Plaintiffs.

Plaintiffs have also presented a substantial case on the merits, and will continue to do so on appeal. Plaintiffs challenge Section 27 on preemption grounds because it: (1) is a direct regulation of the conditions under which immigrants may remain in the country; (2) conflicts with federal regulations and laws on immigration; (3) conflicts with 8 U.S.C. § 1981; and (4) impermissibly burdens the federal government. *See* Pls.' Mot. for Prelim. Inj. at 6-8, 11, 33-35, 37 (Doc. 37); Pls.' Reply at 8, 26-29 (Doc. 109). Although this Court did not find that Plaintiffs were substantially likely to prevail on this claim, *see* HICA Order at 91-93, Plaintiffs nevertheless have a substantial case on the merits of this claim

given that Section 27 would render meaningless numerous contracts that could be enforced in state courts only (because they do not involve a federal question or do not satisfy diversity requirements), including contracts as common as a lease to rent.  *Cf. Lozano v. Hazleton*, 496 F. Supp. 2d 477, 530-33 (M.D. Pa. 2007) (enjoining ordinance placing restrictions on renting to undocumented individuals); *aff'd*, 620 F.3d 170, 219-24 (3d Cir. 2010), *vacated and remanded on other grounds*, No.10-772, 2011 WL 2175213 (U.S. June 6, 2011); *Villas at Parkside Partners v. City of Farmers Branch*, 701 F. Supp. 2d 835, 855 (N.D. Tex. 2010) (invalidating ordinance placing restrictions on renting to undocumented individuals), *appeal docketed* No. 10-10751 (5th Cir. July 28, 2010). Thus Plaintiffs have a substantial case to present on the merits of their claim.

Because "the balance of the equities weighs heavily in favor of" staying Section 27, and Plaintiffs have "show[n] a substantial case on the merits," enjoining Section 27 pending appeal is warranted.  *Hamilton*, 963 F.2d at 323.

## VI.   SECTION 30 SHOULD BE ENJOINED PENDING APPEAL

The balance of the equities weighs heavily in favor of staying Section 30 pending appeal.  Section 30 will cause irreparable injury.  It is clear that agencies throughout the state, from probate offices to water and sewer companies, are interpreting Section 30 to require them to deny services to anyone who cannot prove that they are lawfully present.  *See* Notice of Supp. Evid. Re: Sec. 30 (Doc.

134) (detailing how water companies have prepared policies to deny water service to people who cannot prove lawful status, and how probate offices will do the same).  Thus plaintiffs like Jane Doe #1, who is waiting for a visa to become available before she can become a lawful permanent resident, and Jane Doe #2, who is waiting for the federal government to adjudicate her application for a visa, will be at risk of being denied water and sewer services if Section 30 goes into effect, notwithstanding the fact that the federal government is aware that Jane Doe #'s 1 and 2 are in the United States and has not elected to seek to remove them. The balance of equities also tips sharply in favor of the Plaintiffs.  In opposing the Plaintiffs' motion for preliminary injunction, Defendants did not articulate any harm that would occur to them if Section 30 were not enjoined, *see generally* Defs.' Opp. (Doc. 82), and no public interest would be served by denying anyone basic water and sewer services.

Plaintiffs have also presented a substantial case on the merits, and will continue to do so on appeal.  Plaintiffs challenge Section 30 on preemption grounds because Section 30 is a direct regulation of the conditions under which immigrants may remain in the country, and because Section 30 is inconsistent with federal regulations and laws on immigration.  *See* Pls.' Mot. for Prelim. Inj. at 6-8, 10-12, 19-21, 35-40 (Doc. 37).  This Court found that Plaintiffs were not substantially likely to prevail on this claim.  *See* HICA Order at 102-106.  It

reached this conclusion without acknowledging Section 30's implementation on the ground—denying water and sewer services—and by interpreting and narrowing Section 30 to apply to a limited yet undefined set of "commercial contract" and licensing circumstances, which the Court acknowledges is not evident from Section 30's plain text.  *See* DOJ Order at 113 ("Although not a 'business transaction,' the court finds . . . .").  Plaintiffs have a substantial case on the merits of this claim given that Section 30, as written and understood by public corporations like water and sewer services, would literally make it impossible for undocumented immigrants—including those in immigration court proceedings and those with pending immigration petitions—to reside in Alabama.  *See Lozano v. Hazleton*, 496 F. Supp. 2d 477, 530-33 (M.D. Pa. 2007) (enjoining ordinance placing restrictions on renting to undocumented individuals); *aff'd*, 620 F.3d 170, 219-24 (3d Cir. 2010), *vacated and remanded on other grounds*, No.10-772, 2011 WL 2175213 (U.S. June 6, 2011); *Villas at Parkside Partners v. City of Farmers Branch*, 701 F. Supp. 2d 835, 855 (N.D. Tex. 2010) (invalidating ordinance placing restrictions on renting to undocumented individuals), *appeal docketed* No. 10-10751 (5th Cir. July 28, 2010).

Because "the balance of the equities weighs heavily in favor of" staying Section 30, and Plaintiffs have "show[n] a substantial case on the merits," enjoining Section 30 pending appeal is warranted.  *Hamilton*, 963 F.2d at 323.  At

a minimum, given the evidence previously submitted on public utilities' intent and actions to implement Section 30 in a fashion to include basic water services, if the Court intended to exclude public utilities and similar services from the restrictions of Section 30, Plaintiffs respectfully request that the Court issue a clarification to that effect in order to avoid some portion of the immediate and irreparable harms from Section 30 to countless Alabamans.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court maintain the status quo by enjoining Sections 10, 12, 27, 28, and 30 of HB 56 pending appeal.  Alternatively, Plaintiffs seek a temporary injunction of these sections so that a motion for an injunction pending appeal can be filed with the U.S. Court of Appeals for the Eleventh Circuit pursuant to Rule 8 of the Federal Rules of Appellate Procedure, and request that such temporary injunction extend until such time that the Eleventh Circuit rules upon Plaintiffs' Rule 8 motion.

Dated September 29, 2011                  Respectfully Submitted,

                                          s/ Samuel Brooke

                                          *On behalf of Attorneys for Plaintiffs*

Mary Bauer (ASB-1181-R76B)          Andre Segura*
Andrew H. Turner (ASB-8682-W84T)    Elora Mukherjee*
Samuel Brooke (ASB-1172-L60B)       Omar C. Jadwat*
SOUTHERN POVERTY LAW                Lee Gelernt*
CENTER                              Michael K. T. Tan*
400 Washington Ave.                 AMERICAN CIVIL LIBERTIES

Montgomery, Alabama 36104
T: (404) 956-8200
*mary.bauer@splcenter.org*
*andrew.turner@splcenter.org*
*samuel.brooke@splcenter.org*

Cecillia D. Wang*
Katherine Desormeau*
Kenneth J. Sugarman*
AMERICAN CIVIL LIBERTIES
UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, California 94111
T: (415) 343-0775
*cwang@aclu.org*
*kdesormeau@aclu.org*
*irp_ks@aclu.org*

Michelle R. Lapointe *
Naomi Tsu *
Daniel Werner *
SOUTHERN POVERTY LAW
CENTER
233 Peachtree St., NE, Suite 2150
Atlanta, Georgia  30303
T: (404) 521-6700
*naomi.tsu@splcenter.org*
*michelle.lapointe@splcenter.org*
*daniel.werner@splcenter.org*

Sin Yen Ling*
ASIAN LAW CAUCUS
55 Columbus Avenue
San Francisco, California 94111
T: (415) 896-1701 x 110
*sinyenL@asianlawcaucus.org*

Erin E. Oshiro*
ASIAN AMERICAN JUSTICE

UNION FOUNDATION
125 Broad Street, 18th Floor
New York, New York 10004
T: (212) 549-2660
*asegura@aclu.org*
*ojadwat@aclu.org*
*lgelernt@aclu.org*
*mtan@aclu.org*
*emukherjee@aclu.org*

Linton Joaquin*
Karen C. Tumlin*
Shiu-Ming Cheer*
Melissa S. Keaney*
NATIONAL IMMIGRATION LAW
CENTER
3435 Wilshire Boulevard, Suite 2850
Los Angeles, California 90010
T: (213) 639-3900
*joaquin@nilc.org*
*tumlin@nilc.org*
*cheer@nilc.org*
*keaney@nilc.org*

Tanya Broder*
NATIONAL IMMIGRATION LAW
CENTER
405 14th Street, Suite 1400
Oakland, California 94612
T: (510) 663-8282
*broder@nilc.org*

Ben Bruner (ASB-BRU-001)
THE BRUNER LAW FIRM
1904 Berryhill Road
Montgomery, Alabama 36117
T: (334) 201 0835
*brunerlawfirm@gmail.com*

Freddy Rubio (ASB-5403-D62R)

CENTER, MEMBER OF THE ASIAN
AMERICAN CENTER FOR
ADVANCING JUSTICE
1140 Connecticut Ave., NW
Suite 1200
Washington, DC 20036
T: (202) 296-2300
*eoshiro@advancingequality.org*

Foster S. Maer*
Ghita Schwarz*
Diana S. Sen*
LATINOJUSTICE PRLDEF
99 Hudson St., 14th Floor
New York, New York 10013
T: (212) 219-3360
*fmaer@latinojustice.org*
*gschwarz@latinojustice.org*
*dsen@latinojustice.org*

G. Brian Spears*
1126 Ponce de Leon Ave., N.E.
Atlanta, Georgia 30306
T: (404) 872-7086
*bspears@mindspring.com*

Chris Newman*
Jessica Karp*
NATIONAL DAY LABORER
ORGANIZING NETWORK
675 S. park View St., Suite B
Los Angeles, California 90057
T: (213) 380-2785
*newman@ndlon.org*
*jkarp@ndlon.org*

Allison Neal (ASB 3377-I72N)
AMERICAN CIVIL LIBERTIES
UNION OF ALABAMA
FOUNDATION

Cooperating Attorney, ACLU of
Alabama Foundation
Rubio Law Firm, P.C.
438 Carr Avenue, Suite 1
Birmingham, Alabama 35209
T: 205-443-7858
*frubio@rubiofirm.com*

Herman Watson, Jr. (ASB-6781-
O74H)
Eric J. Artrip (ASB-9673-I68E)
Rebekah Keith McKinney (ASB-3137-
T64J)
Watson, McKinney & Artrip, LLP
203 Greene Street
P.O. Box 18368
Huntsville, Alabama 35804
T: (256) 536-7423
*watson@watsonmckinney.com*
*mckinney@watsonmckinney.com*
*artrip@watsonmckinney.com*

Victor Viramontes*
Martha L. Gomez*
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
634 S. Spring Street, 11th Floor
Los Angeles, California 90014
T: (213) 629-2512 x 133
*vviramontes@maldef.org*
*mgomez@maldef.org*

Nina Perales*
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
110 Broadway, Suite 300
San Antonio, Texas 78205
T: (210) 224-55476 x 206

207 Montgomery St., Suite 910
Montgomery, Alabama  36104
T: (334) 265-2754 x 203
*aneal@aclualabama.org*

*nperales@maldef.org*

Amy Pedersen*
MEXICAN AMERICAN LEGAL
DEFENSE AND EDUCATIONAL
FUND
1016 16th Street NW, Suite 100
Washington, DC 20036
T: (202) 293-2828 x 12
*apedersen@maldef.org*

* admitted *pro hac vice*.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 29, 2011, I electronically filed the

foregoing with the Clerk of the Court using the CM/ECF system which will send

notification of such filing to all counsel of record.

        s/ Samuel Brooke