
FILED
2011 Oct-05  PM 03:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **HISPANIC INTEREST COALITION OF ALABAMA**, *et al.* | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) ) |
| **ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama;** *et al.,* | ) ) ) ) ) |
| **Defendants.** | ) |

Case Number 5:11-CV-2484-SLB

### ORDER

This case is currently before the court on plaintiffs' Emergency Motion to Enjoin Portions of H.B. 56 Pending Appeal. (Doc. 140.)[1] Specifically, plaintiffs move the court to enjoin Sections 10, 12, 27, 28, and 30 of H.B. 56, pending appeal, pursuant to FED. R. CIV. P. 62(c) and FED. R. APP. P. 8(a). For the reasons set forth below, the court is of the opinion that plaintiffs' Emergency Motion is due to be and hereby is **DENIED**. Plaintiffs' alternative request for a temporary injunction so that a motion for an injunction pending appeal can be filed with the Eleventh Circuit Court of Appeals is also **DENIED**.

>    In relevant part, Rule 62(c) provides that, "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(c).  An injunction pending an appeal is considered an

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

"extraordinary remedy," *Touchston v. McDermott*, 234 F.3d 1130, 1132 (11th Cir. 2000), "for which the moving party bears a 'heavy burden.'" *Gay Lesbian Bisexual Alliance v. Sessions*, 917 F. Supp. 1558, 1561 (M.D. Ala. 1996) (Thompson, J.)(citation omitted).  In deciding whether to issue an injunction pending an appeal, the Eleventh Circuit requires movants to show "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the [movants] unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." *Touchston*, 234 F.3d at 1132; *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)(explaining that, while different procedural rules govern the authority of district courts and courts of appeals to stay an order pending appeal, the factors for consideration generally are the same)(citing Fed. R. Civ. P. 62(c) & Fed. R. App. P. 8(a)).

*Reed v. Riley*, No. 2:07-cv-0190-WKW [wo], 2008 WL 3931612, *1 (M.D. Ala. Aug. 25, 2008)(parallel citations omitted); *see also Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).  "[W]here the balance of the equities weighs heavily in favor of granting the [injunction], the movant need only show a substantial case on the merits."  *Gonzalez ex rel. Gonzalez v. Reno*, No. 00-11424-D, 2000 WL 381901, *1 (11th Cir. Apr. 19, 2000)(quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. Unit A June 1981))(internal quotations and other citations omitted)(unpublished).[2]

For the reasons set forth in the court's Memorandum Opinion, the court finds that plaintiffs have not shown that they are "likely to prevail" nor that they have a "substantial case" on the merits.  The court carefully and thoroughly reviewed all issues raised by the

---

[2]"In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981), this Court adopted as binding precedent decisions of the Fifth Circuit, including Unit A panel decisions of that circuit, handed down prior to October 1, 1981."  *W.R. Huff Asset Management Co., L.L.C. v. Kohlberg, Kravis, Roberts & Co., L.P.*, 566 F.3d 979, 985 n.6 (11th Cir. 2009)(citing *United States v. Todd*, 108 F.3d 1329, 1333 (11th Cir. 1997)).

parties and its lengthy Memorandum Opinion represents the product of its time and effort. It does not foresee a "substantial" case for reversal.

"It is unnecessary to engage in a protracted analysis of the balancing of the equities in this case because the Court finds that under either standard discussed above, [plaintiffs have] not demonstrated a question for appeal sufficient to warrant the issuance of a stay pending appeal." *United States v. Engelhard Corp.*, No. 6–95–CV–45 (WLS), 1997 WL 834205, *2 (M.D. Ga. Apr. 7, 1997); *see also MacBride v. Askew*, 541 F.2d 465, 467 (5th Cir. 1976). Nevertheless, even if the court was to accept plaintiffs' assertion that they have a substantial case on the merits, the court finds that the balance of the equities does not weigh heavily in favor of plaintiffs.

The court notes that some of plaintiffs' evidence of irreparable injury appear to have been caused by a misinterpretation of the Act. Jane Doe #7 (not a plaintiff) filed a declaration stating that a school teacher questioned her daughter about her immigration status and the immigration status of her parents. (Doc. 143-1 at 2.) Certainly this conduct is not compelled by any Section of H.B. 56. Assuming this questioning occurred, it does not demonstrate irreparable harm and, as noted, such questioning is not based on the enforcement of H.B. 56 § 28 or any other section of H.B. 56. Any injuries caused by intentional or unintentional misapplication of H.B. 56 cannot be said to be the result of the implementation and enforcement of the Act.

The court has found that plaintiffs are not likely to be able to show that Sections 10, 12, 27, 28, and 30 are due to be enjoined. Alabama has an interest in enforcing laws

properly enacted by its Legislature and not likely to be found unconstitutional. Moreover, the public has an interest in having properly enacted valid laws enforced. Plaintiffs' interests in enjoining Sections 10, 12, 27, 28, and 30 of H.B. 56 at this point in the proceedings do not tip the scales heavily in their favor.

Therefore, plaintiffs' Emergency Motion to Enjoin Portions of H.B. 56 Pending Appeal, (doc. 140), is **DENIED**.

As an alternative, plaintiffs ask this court to issue "a temporary injunction of these sections so that a motion for an injunction pending appeal can be filed with the U.S. Court of Appeals for the Eleventh Circuit." (Doc. 140 at 17.) This Motion is also **DENIED**.

**DONE**, this 5th day of October, 2011.

_Sharon Lovelace Blackburn_
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE