FILED
2011 Oct-14 PM 02:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

OCT 1 4 2011

JOHN LEY
CLERK

No. 11-14532-CC

D.C. Docket No. 2:11-cv-2746-SLB

UNITED STATES OF AMERICA,

Plaintiff-Appellant,
Cross Appellee,

versus

STATE OF ALABAMA,
GOVERNOR OF ALABAMA,

Defendants-Appellees,
Cross Appellants,

NATIONAL FAIR HOUSING ALLIANCE, INC.,
AMERICAN UNITY LEGAL DEFENSE FUND,

Defendants-Appellees.

No. 11-14535-CC

D.C. Docket No. 5:11-cv-2484-SLB

HISPANIC INTEREST COALITION OF ALABAMA,
AIDS ACTION COALITION, et al.,

Plaintiffs-Appellants,
Cross Appellees,

versus

GOVERNOR OF ALABAMA,

ATTORNEY GENERAL, STATE OF ALABAMA, et al.,

Defendants-Appellees,
Cross Appellants,

SUPERINTENDENT OF HUNTSVILLE CITY SCHOOL SYSTEM, et al.,

Defendants-Appellees.

———————————

Appeals from the United States District Court
for the Northern District of Alabama

———————————

Before CARNES, BARKETT, and HULL, Circuit Judges.

ORDER BY THE COURT:

These two appeals involve the United States' and various plaintiffs'[1] (the

"private plaintiffs") challenges to the Beason-Hammon Alabama Taxpayer and

Citizen Protection Act, Ala. Laws Act 2011-535 ("H.B. 56").  In the district court,

————————————

[1]The plaintiffs in the second appeal are:(1) Hispanic Interest Coalition of Alabama;
(2) AIDS Action Coalition; (3) Huntsville International Help Center; (4) Interpreters and
Translators Association of Alabama; (5) Alabama Appleseed Center for Law & Justice, Inc.;
(6) Service Employees International Union; (7) Southern Regional Joint Board of Workers
United; (8) United Food and Commercial Workers International Union; (9) United Food and
Commercial Workers Union Local 1657; (10) DreamActivist.org; (11) Greater Birmingham
Ministries; (12) Boat People SOS; (13) Matt Webster; (14) Maria D. Ceja Zamora; (15) Pamela
Long; (16) Juan Pablo Black Romero; (17) Christopher Barton Thau; (18) Ellin Jimmerson;
(19) Robert Barber; (20) Daniel Upton; (21) Jeffrey Allen Beck; (22) Michelle Cummings;
(23) Esayas Haile; (24) Fiseha Tesfamariam; (25) Jane Doe #1; (26) Jane Doe #2; (27) Jane Doe
#3; (28) Jane Doe #4; (29) Jane Doe #5; (30) Jane Doe #6; (31) John Doe #1, a minor, by his
legal guardian Matt Webster; (32) John Doe #2; (33) John Doe #3; (34) John Doe #4; (35) John
Doe #5; and (36) John Doe #6.

the United States and the private plaintiffs filed motions for a preliminary

injunction as to various sections of H.B. 56.  After a hearing, the district court

granted the motions as to numerous sections of H.B. 56 but denied them as to

other sections.  Pursuant to Rules 8(a) and 27 of the Federal Rules of Appellate

Procedure, the United States and the private plaintiffs move this Court to enjoin

pending appeal Alabama's enforcement of six of the sections of H.B. 56 not

enjoined by the district court.  After review and briefing, we grant in part and deny

in part the motions for injunctions pending appeal.

## I. PROCEDURAL BACKGROUND

On June 2, 2011, the Alabama Legislature approved H.B. 56, and Governor

Robert Bentley signed H.B. 56 into law on June 9, 2011.  The majority of the

provisions in H.B. 56 were set to become effective on September 1, 2011.

### A. United States' Lawsuit

Seeking to permanently enjoin enforcement of certain provisions of H.B. 56,

the United States sued the State of Alabama, Governor Robert J. Bentley in his

official capacity, the National Fair Housing Alliance, Inc., and the American Unity

Legal Defense Fund.  The United States argued, inter alia, that Sections 10, 11(a),

12, 13, 16, 17, 18, 27, 28, and 30 of H.B. 56 were preempted under the Supremacy

Clause and by federal law, principally the comprehensive registration scheme

3

embodied in the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, et seq.

The contents of the sections challenged by the United States are summarized as follows:

> Section 10 creates a criminal misdemeanor violation under Alabama law for "willful failure to complete or carry an alien registration document if the person is in violation of 8 U.S.C. § 1304(e) or 8 U.S.C. § 1306(a),[2] and the person is an alien unlawfully present in the United States." Section 10(b) prohibits law enforcement officers from attempting to independently make a final determination of whether an alien is lawfully present in the United States and requires law enforcement to determine immigration status by seeking verification from the federal government under 8 U.S.C. § 1373(c).[3]
>
> Section 11(a) makes it a misdemeanor crime for an unauthorized alien to apply for, solicit, or perform work.
>
> Section 12 requires a law enforcement officer—upon making "any lawful stop, detention, or arrest" in the enforcement of state or local law and upon reasonable suspicion that person stopped, detained, or arrested is unlawfully present in the United States—to make a reasonable attempt, "when practicable," to determine the citizenship and

---

[2] Pursuant to § 1304(e), every alien eighteen years of age and older must carry a certificate of alien registration or alien registration receipt card; failure to carry the registration card is a misdemeanor punishable by a fine not exceeding $100, imprisonment of no more than 30 days, or both. 8 U.S.C. § 1304(e). Section 1306(a) states that an alien's willful failure to apply for registration and to be fingerprinted is a misdemeanor punishable by a fine not exceeding $1,000, imprisonment of no longer than six months, or both. 8 U.S.C. § 1306(a).

[3] Pursuant to § 1373(c), "The Immigration and Naturalization Service shall respond to an inquiry by a Federal, State, or local government agency, seeking to verify or ascertain the citizenship or immigration status of any individual within the jurisdiction of the agency for any purpose authorized by law, by providing the requested verification or status information." 8 U.S.C. § 1373(c).

immigration status of the person stopped, detained, or arrested, except if the determination may hinder or obstruct an investigation. A person is presumed not to be an alien who is unlawfully present if the alien presents a valid driver's license, a valid Alabama nondriver identification card, an unexpired, government-issued identification bearing a photograph or other biometric identifier, a tribal identification card, or a foreign passport with an unexpired visa. A law enforcement officer may not consider race, color, or national origin in implementing this section. Section 12(b) requires law enforcement, within 24 hours of arresting an alien, to verify with the federal government the immigration status of the arrestee. If the federal verification "is delayed beyond the time that the alien would otherwise be released from custody, the alien shall be released from custody."

Section 13 makes it unlawful for a person to (1) conceal, harbor, or shield an alien unlawfully present in the United States, or attempt or conspire to do so; (2) encourage an unlawful alien to come to the State of Alabama; or (3) transport (or attempt or conspire to transport) an unlawful alien.

Section 16 forbids employers from claiming as business tax deductions any wages paid to an unauthorized alien.

Section 17 establishes a civil cause of action against an employer who fails to hire or discharges a U.S. citizen or an alien who is authorized to work while hiring or retaining an unauthorized alien.

Section 18 amends Ala. Code 32-6-9 to include a provision that if a person is arrested for driving without a license, and the officer is unable to determine by any other means that the person has a valid driver's license, the officer shall transport the arrested person to the nearest magistrate; a reasonable effort must be made to determine the citizenship of the arrested person, and if found to be unlawfully present in the United States, the arrested person shall be considered a flight risk and must be detained until prosecution or until handed over to federal immigration authorities.

Section 27 bars Alabama courts from enforcing a contract to which a person who is unlawfully present in the United States is a party, if the party had direct or constructive knowledge that the alien was unlawfully present in the United States at the time the contract was entered into. This section does not apply to contracts for lodging for one night, contracts for the purchase of food, contracts for medical services, contracts for transportation for an alien to return to his or her country of origin, or any "contract authorized by federal law."   In court proceedings, the determination of whether an alien is unlawfully present in the United States shall be made by the federal government, pursuant to 8 U.S.C. § 1373(c).

Section 28 requires every public elementary and secondary school in Alabama, "at the time of enrollment in kindergarten or any grade in such school," to determine if the student "was born outside the jurisdiction of the United States or is the child" of an unlawfully present alien and qualifies for assignment to an English as second language class or other remedial program.  Section 28(a)(2) provides that, in making the above determination, the school "shall rely upon presentation of the student's original birth certificate, or a certified copy thereof." Section 28 also requires the school or district to compile the data required by the Section and to submit the data to the State Board of Education, which must submit a public report to the legislature. However, Section 28(e) and (f) proscribe public disclosure of information obtained under the section that personally identifies a student (except for purposes permitted by 8 U.S.C. §§ 1371 and 1644), and the student enjoys a right to privacy and a civil remedy for any public disclosure of such information.  Any person intending to make a public disclosure of information that is classified as confidential under this section, on the ground that such disclosure constitutes a use permitted by federal law, shall first apply to the Attorney General and receive a waiver of confidentiality from the requirements of Section 28(e).

Section 30 makes it a felony for an alien not lawfully present in the United States to enter into or attempt to enter into a "business transaction" with the State of Alabama or any political subdivision thereof.   Section 30(a) defines a "business transaction" to include

applying for or renewing a license plate, driver's license, nondriver identification card, or business license. However, "business transaction" does not include applying for a marriage license.  The state and any political subdivision thereof may not consider race, color, or national origin in the enforcement of this section except to the extent permitted by the U.S. Constitution or the Constitution of Alabama of 1901.

## B. Private Plaintiffs' Lawsuit

In a separate lawsuit seeking to enjoin H.B. 56, the private plaintiffs sued not only the State of Alabama and Governor Robert J. Bentley but also numerous other state and local officials.[4]  The private plaintiffs argued that the entire act, and particularly Sections 10, 12, 18, 27, 28, and 30, are invalid on numerous constitutional and other grounds.[5]  But the private plaintiffs' only ground asserted for

---

[4]The private plaintiffs sued Robert Bentley, in his official capacity as Governor of the State of Alabama, and Luther Strange, in his official capacity as Attorney General of the State of Alabama. They also named as defendants Joseph B. Morton, State Superintendent of Education and Freida Hill, Chancellor of Postsecondary Education, as well as six school superintendents: E. Casey Wardynski, Superintendent of the Huntsville City School System; Jamie Blair, Superintendent of the Vestavia Hills City School System; Randy Fuller, Superintendent of the Shelby County Public School System; Charles D. Warren, Superintendent of the DeKalb County Public School System; Barbara W. Thompson, Superintendent of the Montgomery County Public School System; and Jeffery E. Langham, Superintendent of the Elmore County Public School System. They also name Robert L. Broussard, District Attorney for Madison County. On September 16, 2011, plaintiffs filed an Amended Complaint, which substituted Larry E. Cravin, in his official capacity as Interim State Superintendent of Education, for Morton, who retired on August 31, 2011.

[5]In their complaint and in the district court, the private plaintiffs also argued that (1) Sections 12, 18, 19, and 20 violate the Fourth Amendment; (2) Sections 8, 10, and 12 (in addition to Section 28) violate the Equal Protection Clause of the Fourteenth Amendment; (3) Sections 12, 18, 19, and 20 violate procedural due process under the Due Process Clause of the Fourteenth Amendment; (4) Sections 10, 12, 13, and 30 are vague and overbroad in violation of the Due Process Clause of the Fourteenth Amendment; (5) Section 11 effects a content-based restriction on speech relating to work and is impermissibly vague in violation of the First

purposes of their motion for injunction pending appeal as to Sections 10, 12, 18, 27, and 30 is that the entire act and those sections are preempted under the Supremacy Clause and by federal law (primarily the INA but also 42 U.S.C. § 1981 as to Section 27). The private plaintiffs' motion argues that Section 28 is not only preempted but also violates the Equal Protection Clause of the Fourteenth Amendment.

In addition to the sections of H.B. 56 challenged by the United States, the private plaintiffs challenged these provisions of the act, which are summarized as follows:

> Section 8 prohibits an alien not lawfully present in the United States from enrolling in or attending any public post-secondary educational institution and requires any alien attending a public post-secondary educational institution to possess lawful permanent residence or an appropriate nonimmigrant visa.
>
> Sections 10(e), 11(e), and 13(h) state that verification of an alien's immigration status received from the federal government pursuant to 8 U.S.C. § 1373(c) is conclusive proof of the alien's status and that a state court may consider only the federal verification in determining whether

---

Amendment; (6) Section 27 unconstitutionally impairs the obligation of contracts by forbidding Alabama state courts from enforcing a contract between a party and an alien unlawfully present in the United States; (7) Sections 10(e), 11(e), and 13(h) violate the Confrontation Clause and Compulsory Process Clause of the Sixth Amendment; and (8) Sections 27 and 30 violate 42 U.S.C. § 1981 by prohibiting unlawfully present aliens from making and enforcing contracts.

Because the private plaintiffs have requested an injunction pending appeal only as to Sections 10, 12, 18, 27, 28, and 30 and based only on federal preemption as to those sections and on Equal Protection grounds as to Section 28, we have considered only those specific claims of the private plaintiffs.

an alien is lawfully present in the United States.[6]

Section 11(f) and (g) make it unlawful for an occupant of a motor vehicle stopped on a street or roadway to attempt to hire or hire and pick up passengers for work at a different location if the motor vehicle blocks or impedes traffic.  Section 11(f) applies to an occupant of a motor vehicle; Section 11(g) applies to a person picked up by a motor vehicle blocking traffic.

Section 12(e) requires a state law enforcement agency to cooperate in the transfer of an unlawfully present alien to the custody of the federal government, if the federal government so requests.

Section 19 states that, if a person is charged with a crime for which bail is required or confined for any period in state, county, or municipal jail, law enforcement must make a reasonable effort to determine if the person is an alien unlawfully present in the United States.

Section 20 requires the state agency responsible for the incarceration of an unlawfully present alien convicted of a violation of state or local law to notify U.S. Immigration and Customs Enforcement and to assist in the coordination and transfer of the prisoner to the appropriate federal immigration authority.

## C. Motions for Preliminary Injunction in the District Court

In the district court, the United States moved for a preliminary injunction of Sections 10, 11(a), 12(a), 13, 16, 17, 18, 27, 28, and 30 of H.B. 56.  In the separate lawsuit, the private plaintiffs moved the district court for a preliminary injunction of the entire act or of Sections 8, 10(a), 10(e), 11(a), 11(e), 11(f), 11(g), 12(a) and

------

[6]The private plaintiffs argued that the last sentence of these subsections violated the Compulsory Process Clause of the Sixth Amendment by prohibiting an alien from offering any evidence in defense of an element of a criminal offense.

(e), 13, 18, 19, 20, 27, 28, and 30.

The parties proceeded by filing affidavits and briefs before the district court. In support of its motion for a preliminary injunction, the United States submitted, inter alia, eleven declarations, including: (1) the Declaration of William J. Burns, Deputy Secretary of State; and (2) the Declaration of Daniel H. Ragsdale, Executive Associate Director for Management and Administration at U.S. Immigration and Customs Enforcement.

The private plaintiffs submitted, among other documents: (1) the text of House Bill 56; (2) over forty declarations; and (3) an article entitled "Alabama Town Closely Watches New Immigration Law."

In response, the State of Alabama presented various documents, including: (1) a Pew Hispanic Center study entitled "Unauthorized Immigrant Population: National and State Trends, 2010"; (2) the affidavit of Henry M. Redden, the Director of Information Systems for the Alabama Department of Corrections; (3) a 2002 Office of Legal Counsel memorandum on "Non-preemption of the authority of state and local law enforcement officials to arrest aliens for immigration violations"; (4) a study by the National Education Association entitled "Rankings of the States 2010 & Estimates of School Statistics 2011"; (5) several declarations; and (6) two letters, including one written by State Superintendent of Education

Joseph B. Morton.

On August 24, 2011, the district court held a full-day hearing on the motions for a preliminary injunction. Although the district court heard the arguments of counsel, no witnesses testified at the hearing. No depositions have been filed. After the hearing but before the ruling, the private plaintiffs filed additional documents and declarations.

On August 29, 2011, the district court temporarily enjoined enforcement of H.B. 56 until September 29, 2011. However, the court noted that the temporary injunction issued solely to allow more time to consider the various challenges to H.B. 56 and was not addressing the merits of the motions for a preliminary injunction.

Subsequently, in a 115-page opinion dated September 28, 2011, the district court granted the United States' motion in part and enjoined enforcement of Sections 11(a), 13, 16, and 17. The district court denied a preliminary injunction with respect to Sections 10, 12(a), 27, 28, and 30.

In a separate 106-page order also dated September 28, 2011, the district court granted the private plaintiffs' motion in part and enjoined Sections 8, 10(e),

11(e), 11(f), and 11(g).[7]  The district court denied a preliminary injunction with respect to Sections 10(a), 12(a) and (e), 18, 19, 20, 27, 28, and 30.

By virtue of the expiration of the temporary injunction, H.B. 56, including the unenjoined Sections 10, 12, 18, 19, 20, 27, 28, and 30, went into effect on September 29, 2011.  The private plaintiffs filed a notice of interlocutory appeal on September 29, 2011, and the United States filed a notice of interlocutory appeal on September 30, 2011.  In the district court, both the United States and the private plaintiffs moved for an injunction pending their appeal of the district court's denial of a preliminary injunction on Sections 10(a), 12(a), 18, 27, 28, and 30.  On October 5, 2011, the district court denied the motions for an injunction pending appeal.

**D. Motions for Injunction Pending Appeal**

On October 7, 2011, both the United States and the private plaintiffs filed the present motions for injunctions pending appeal, but only as to Sections 10(a), 12(a), 18, 27, 28, and 30.[8]  They also asked this Court to expedite consideration of

---

[7]In the private plaintiffs' lawsuit, the district court denied the motion for a preliminary injunction as moot with respect to Sections 11(a) and 13 because the district court enjoined enforcement of these sections in the United States' lawsuit.

[8]In the district court, the private plaintiffs moved for a preliminary injunction as to Sections 19 and 20, but the private plaintiffs did not move for an injunction pending appeal as to these Sections.  Nor do the private plaintiffs move in this Court for an injunction pending appeal as to Sections 19 and 20.

the underlying appeals.  On October 7, 2011, this Court immediately expedited briefing of, and oral argument on, the merits of the underlying appeal as to the denial of the preliminary injunctions of enforcement of H.B. 56.  (See Order dated October 7, 2011).  This order addresses only the parties' motions for an injunction pending appeal.[9]

### III. STANDARD FOR INJUNCTION PENDING APPEAL

We grant the "extraordinary remedy" of an injunction pending appeal only if the petitioners can show: "(1) a substantial likelihood that they will prevail on the merits of the appeal; (2) a substantial risk of irreparable injury to the intervenors unless the injunction is granted; (3) no substantial harm to other interested persons; and (4) no harm to the public interest." Touchston v. McDermott, 234 F.3d 1130, 1132 (11th Cir. 2000) (en banc).  "A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1232 (11th Cir. 2005) (emphasis omitted).  "Failure to show any of the four factors is fatal, and the most common failure is not showing a substantial likelihood of

---

[9]In this appeal, the United States, the private plaintiffs, or the State of Alabama also filed a few additional declarations, documents, and newspaper articles.  While the motions panel has considered everything, we leave it to the merits panel to sort out what is properly considered as evidence on appeal.

success on the merits." <u>Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade County Sch. Bd.</u>, 557 F.3d 1177, 1198 (11th Cir. 2009). Further, "preliminary injunctions of legislative enactments—because they interfere with the democratic process and lack the safeguards against abuse or error that come with a full trial on the merits—must be granted reluctantly and only upon a clear showing that the injunction before trial is definitely demanded by the Constitution and by the other strict legal and equitable principles that restrain courts." <u>Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990).

## IV. DISCUSSION

Upon review of the record and consideration of the parties' briefs and the district court's orders and opinions, we GRANT IN PART and DENY IN PART the United States' and the private plaintiffs' motions for injunction pending appeal. We conclude that the United States and the private plaintiffs have met their burden as to all four requirements for an injunction pending appeal as to Section 10 and we therefore ENJOIN the State of Alabama's enforcement of Section 10 pending appeal and until further order by the merits panel.

We also conclude that the United States has met its burden as to all four requirements for an injunction pending appeal as to Section 28 and we therefore

14

ENJOIN the State of Alabama's enforcement of Section 28 pending appeal and until further order by the merits panel. The private plaintiffs' motion for injunction pending appeal is DENIED AS MOOT as to Section 28, and thus we need not reach the standing issues.

The United States' and the private plaintiffs' motions for injunction pending appeal are DENIED as to Sections 12, 18, 27, and 30.[10]

Our decision does not bind the merits panel, which will consider the case after full briefing and oral argument.  See 11th Cir. R. 27-1(g) ("A ruling on a motion or other interlocutory matter, whether entered by a single judge or a panel, is not binding upon the panel to which the appeal is assigned on the merits, and the merits panel may alter, amend, or vacate it.").

**MOTIONS GRANTED IN PART AND DENIED IN PART.**

---

[10]The United States' "Motion for Temporary Injunction Pending Full Consideration" of the motions for injunction pending appeal is DENIED AS MOOT.

BARKETT, Circuit Judge, concurring in part and dissenting in part:

I agree that Sections 10 and 28 should be enjoined and that Sections 27 and 30 should not be enjoined.  However, I would find that the United States and the private plaintiffs have met the requirements for an injunction pending appeal as to Sections 12 and 18.