UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| HISPANIC INTEREST COALITION OF ALABAMA; *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) )    Case Number: 5:11-CV-2484-SLB ) |
| ROBERT BENTLEY, in his official capacity as Governor of the State of Alabama; *et al.*, | ) ) ) ) |
| Defendants. | ) ) |

## DISMISSAL ORDER AND STIPULATED PERMANENT INJUNCTION

Pursuant to the parties' Joint Report Regarding Case Status and Disposition, (doc. 179),[1] the court hereby **ORDERS** as follows:

1. The State Defendants[2] are **PERMANENTLY ENJOINED** from implementing Sections 11(f) & (g) of Alabama's H.B. 56, Ala. Code §§ 31-13-11(f) and (g), which Sections violate the First Amendment to the United States Constitution.

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

[2] The State Defendants are: Alabama Governor Robert Bentley, Attorney General Luther Strange, State Superintendent of Education Tommy Bice, Chancellor of Postsecondary Education Mark Heinrich, and Madison County District Attorney Robert L. Broussard.

2. The State Defendants and Local Superintendent Defendants[3] are **PERMANENTLY ENJOINED** from implementing Section 28 of Alabama's H.B. 56, Ala. Code § 31-13-27, which Section violates the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

3. The State Defendants are **PERMANENTLY ENJOINED** from implementing Sections 10, 11(a), 13, and 27 of H.B. 56, codified as Ala. Code §§ 31-13-10, 31-13-11(a), 31-13-13, and 31-13-26, and Section 6 of H.B. 658, codified as Ala. Code § 31-13-33, which Sections violate the Supremacy Clause of Article VI of the United States Constitution.

4. Based on the State Defendants' representations about their interpretations of Sections 12, 18, 19, and 20 of H.B. 56,[4] plaintiffs have agreed to voluntarily dismiss their

---

[3] The Local Superintendent Defendants are: E. Casey Wardynski, Superintendent of the Huntsville City School System; Jamie Blair, Superintendent of the Vestavia Hills City School System; Randy Fuller, Superintendent of the Shelby County Public School System; Charles D. Warren, Superintendent of the DeKalb County Public School System; Barbara W. Thompson, Superintendent of the Montgomery County Public School System; and Jeffery E. Langham, Superintendent of the Elmore County Public School System.

[4] The State Defendants represent that they interpret Sections 12, 18, 19(a), and 20 of H.B. 56, codified as Ala. Code §§ 31-13-12, 31-13-18(a), 31-13-19, & 32-6-9, to neither require nor authorize state or local law-enforcement officers to stop, detain, arrest, or prolong the detention of any person for the purpose of ascertaining that person's immigration status or because of a belief that the person lacks lawful immigration status. The State Defendants further represent that in light of Article 1, Section 16, of the Alabama Constitution, they understand that Section 19(b) of H.B. 56 (Ala. Code § 31-13-18(b)) can only be applied to deny bail to persons arrested for a capital crime, and cannot be applied to deny bail to individuals arrested for or charged solely with non-capital crimes, regardless of their immigration status. The State Defendants note that their representations are limited to the proper meaning of Sections 12, 18, 19, and 20 under state law, and that they are not making any representations in this document about whether officials have separate authority under federal law, independent of any provisions set out in H.B. 56, to take actions at the direction

claims as to Sections 12, 18, 19, and 20 without prejudice. Therefore, plaintiffs' claims as to Sections 12, 18, 19, and 20 are **DISMISSED WITHOUT PREJUDICE**.

5.  Plaintiffs' remaining claims are **DISMISSED WITHOUT PREJUDICE**.

6.  By agreement of the parties, State Defendants are **ORDERED** to remit to counsel for plaintiffs payment in the amount of **THREE HUNDRED FIFTY THOUSAND DOLLARS** ($ 350,000.00) within **TWENTY-ONE DAYS** of the date this Dismissal Order is entered, subject to the conditions outlined in Paragraph 7 of the parties' Joint Report filed on October 29, 2013, (doc. 179).

7.  The Clerk of the Court is **DIRECTED** to close this case.

**DONE**, this 25th day of November, 2013.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
UNITED STATES DISTRICT JUDGE

---

of the federal government.